JENNIE MALONEY, PLAINTIFF-RESPONDENT, v. DAVID S. CAREY, DEFENDANT-APPELLANT.

Submitted October 13, 1939—Decided December 21, 1939.

502

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the plaintiff-respondent, *John J. Quinn* and *Thomas P. Doremus.*

For the defendant-appellant, *William J. O'Hagan.*

The opinion of the court was delivered by

Porter, J. This is an automobile negligence action on appeal from a verdict for the plaintiff in the Monmouth County Court of Common Pleas.

The plaintiff was driving an automobile on West Freehold road, Freehold, toward Freehold. She was alone. The defendant was also driving an automobile on the same road in the same direction. He was also alone. The plaintiff had been driving behind the defendant for a distance estimated by her of from a mile to a mile and a half. She was traveling about forty to fifty feet behind him at a speed estimated by her at about thirty miles an hour. The defendant estimates it at about thirty to thirty-five miles an hour. The defendant made a right turn into Barkalow avenue. The plaintiff says that he suddenly slowed down and turned slightly to his left past the center line of the road and that to avoid a collision she also turned to the left without applying her brakes. She struck his car and recalls nothing more of the accident. He testifies that as he approached Barkalow avenue he glanced into his mirror which gave him a view to the rear of one hundred and twenty-five to one hundred and fifty feet and seeing no vehicle he slowed down and turned slightly to the left when he was struck. He did not signal his intention to turn by extending his hand from his car. He then turned into Barkalow avenue and stopped. He found the plaintiff had collided with a tree on the West Freehold road near the scene of the collision. There were tire marks on the road apparently leading to the plaintiff's car

which were evidential of the course she had traveled. She was injured and but partially conscious. The defendant, being a physician, gave her first aid and then took her to a physician's office in Freehold.

From this summary of the testimony of the accident the questions presented are whether the defendant was shown guilty of any act of negligence which was the proximate cause of the accident. Also whether the plaintiff was guilty of any act of negligence which contributed to the accident. We conclude that there were questions raised both as to negligence and as to contributory negligence.

Did the defendant act as a reasonably prudent man should have acted under the circumstances in turning without extending his hand as a signal, did he slow down too suddenly, did he turn too far to his left, did he make proper observations to the rear through his mirror?

Did the plaintiff travel too close to the defendant's car, did she make proper observations, did she drive properly, should she have applied her brakes, was she confronted with a sudden emergency which excused her failure to apply the brakes?

These are some questions which are debatable ones of fact for the jury. There was therefore no error by the trial court in denying the motions for nonsuit and directed verdict.

The appellant contends that the court was in error in not allowing two questions to the plaintiff on cross-examination as to whether, in effect, she was not going at too great a speed to be able to stop. They will be referred to in detail later. She did testify that she had been driving for eighteen years, that the brakes were in good condition and that she could stop quickly but was unable to say in how short a distance in feet she could stop when traveling at thirty miles an hour. The fact is according to her testimony, that she did not try to stop or use her brakes but tried to avoid the collision by turning to the left of the defendant's car. The plaintiff's version of the accident does not seem disputed as to her speed or the distance between the two cars. Nor that the defendant slowed down and swerved slightly to the left. Under those conditions it seems immaterial whether the plaintiff used her brakes or

not. It was for the jury to say whether under the conditions confronting her she acted with reasonable care. That was the issue rather than whether or not she had acted in the wisest manner or as perhaps a more expert driver would have done.

Now as to the said two questions specifically. One question was "Well, you were riding slow enough to have brought your car to a stop?" The court sustained an objection to that question and no exception having been taken by appellant to that ruling it is not subject to review. The other question, to which objection was made and sustained and to which ruling an exception was taken, was—"On this road on this day were you riding in your car slow enough to have stopped it had you applied your brakes before you ran into Dr. Carey's car?" The question was objectionable because it called for a conclusion and also because it is based upon a supposition of her having used her brakes which, as above indicated, she says that she did not do. We find no error in the court's ruling.

The other alleged errors are to the court's charge and failure to charge as requested. We have examined these matters carefully and find no merit in them. The charge taken as a whole was a full, fair and comprehensive one in which we find no prejudicial error.

The judgment is affirmed.